UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Matthew Major, | ) | C/A No. 5:14-4377-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Ofc. Lamont Hicks; | ) | |
| Sgt. Benjamin | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a local detention center detainee. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual Background

At the time he filed his Complaint in this case, Matthew Major ("Plaintiff") was detained at the Florence County Detention Center ("FCDC"). ECF No. 1-3. Both Defendants are corrections officers at FCDC. Compl. 2, ECF No. 1. Plaintiff alleges that he was verbally abused and harassed by Defendants on October 29, 2014 when he did not finish his meal as quickly as Defendants wanted him to finish. *Id.* at 3. According to Plaintiff, Officer Hicks called him abusive names and used crude language in his attempts to make Plaintiff finish his meal more quickly, and Sgt. Benjamin (Hicks' supervisor) also used abusive language when Officer Hicks asked for his assistance with Plaintiff. *Id.* Plaintiff alleges that Defendants threatened to use a

Taser on him and "place [him] in the chair" if they were required to go into Plaintiff's cell to retrieve his unfinished meal. *Id*. Plaintiff does not allege that he suffered any physical injury as a result of his confrontation with Defendants. Instead, he states that he is "suffering mental anguish." *Id*. at 2. Plaintiff requests compensatory damages and injunctive relief. *Id*. at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. §

1915(e)(2)(B).

    III.    Discussion

Although he does not refer to any particular federal law as the basis for his Complaint, Plaintiff's allegations of "cruel and unusual punishment," Compl. 2, ECF No. 1, are properly before this court pursuant to 42 U.S.C. § 1983.[1] No other viable basis for the exercise of this court's subject-matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint. It is well settled that "the use of vile and abusive language is never a basis for a civil-rights action." *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and no liability under § 1983 for such claims); *see also Cameron v. Bonney*, 523 F. App'x 969, 970 (4th Cir. 2013) (allegations of verbal abuse do not state a plausible § 1983 claim). Verbal abuse of a prisoner is not actionable under § 1983. *See McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); *Boston v. Stanton*, 450 F. Supp. 1049 (W.D. Mo. 1978) (same).

While the statements allegedly made by Defendants were deplorable, mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause."); *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir.

---

[1] In passing § 1983, Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted).

2005) (same; affirming *sua sponte* dismissal of claim based on threats); *see also Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999); *Aleem-X v. Westcott*, 347 F. App'x 731, 732 (3d Cir. 2009) (*sua sponte* dismissal affirmed). Because abusive language is not actionable under 42 U.S.C. § 1983, the comments at issue in this case, Compl. 3 ("Hurry up and give me your plate, I don't have all day to play with you, __ __" and "If your __ __ don't hurry up and give my officer your tray we are going to come in there and get, and if we do, I'm going to taze [sic]your __ and place you in the chair"), do not show that Plaintiff was subjected to cruel and unusual punishment or that his federal constitutional rights were otherwise violated. As a result, Plaintiff fails to state a plausible federal claim upon which relief may be granted.

    IV.    Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

    IT IS SO RECOMMENDED.

December 22, 2014                                              Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).